IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALICE MITWARUCIU,<br><br>                    Plaintiff,<br><br>        vs.<br><br>STATE OF NEBRASKA<br><br>                    Defendants. | 4:21CV3147<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's Motion for Reconsideration. (Filing No. 96.) For the reasons set forth below, the motion will be denied.

## BACKGROUND

The facts giving rise to the underlying dispute in this case are set forth in the Court's Memorandum and Order granting Defendants' Motion for Summary Judgment. (Filing No. 89.) For purposes of brevity, those facts will not all be recited here. However, the Court will set out a brief overview of this case for context.

Plaintiff sued the State of Nebraska, Scott Frakes (former Director of the Nebraska Department of Correctional Services ("NDCS")), Dr. Harbans Deol (Medical Director of NDCS), and Dawn-Renee Smith (Deputy Director of Programs for NDCS), alleging she was demoted from her position of Behavioral Health Administrator ("BHA") because of her race, national origin, and color and due to her engagement in protected activities. (Filing No. 1.) Her Complaint asserted claims under the Nebraska Fair Employment Practices Act ("NFEPA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981 and § 1983 under the First Amendment. (Filing No. 1.) The Court dismissed Plaintiff's First Amendment claims against the individual defendants based on qualified immunity (Filing No. 31), and also dismissed Plaintiff's § 1981 claim against the State of Nebraska. (Filing No. 31.) The case then proceeded as to the claims against the State of Nebraska (referred to herein as "Defendant") for alleged violations of Title VII and the NFEPA.

On December 20, 2023, Defendant filed a Motion for Summary Judgment (Filing No. 62) seeking dismissal of Plaintiff's Title VII and NFEPA claims. Through a Memorandum and Order issued on August 8, 2024 (Filing No. 89), Defendant's motion was granted. As to Plaintiff's discrimination claims under Title VII and the NFEPA, the Court found that Defendant had articulated a legitimate, non-discriminatory justification for its decision to change Plaintiff's position—specifically—a structural reorganization of its behavioral health services. The Court further found that Plaintiff could not show that the reason for Defendant's decision to reassign her to a new position as a Behavioral Health Assistant Administrator ("BHAA") was a pretext for discrimination. Therefore, using the *McDonnel Douglas Corp. v. Green*, 411 U.S. 792 (1973) analysis, the Court dismissed Plaintiff's discrimination claims. The Court likewise dismissed Plaintiff's retaliation claims under Title VII and the NFEPA, finding that Plaintiff could not show that the non-retaliatory rationale for her position change was pretext for discrimination.

The Court also dismissed Plaintiff's whistleblower retaliation claim under the NFEPA. The Court concluded Plaintiff could not establish that she participated in a protected activity under the NFEPA or, even assuming she had done so, that there was no causal link between her reports of alleged unlawful activity and her reassignment. The Court also dismissed Plaintiff's Title VII and NFEPA hostile work environment claims because Plaintiff could not show that she was harassed based on her race, national origin, or due to any protected activities in which she allegedly engaged. Finally, the Court found that Plaintiff could not show she was constructively discharged because her workplace conditions were not intolerable as to a reasonable person and, quite the contrary, the evidence showed Defendant desired to maintain an employment relationship with Plaintiff, not force her to quit.

Following entry of its Memorandum and Order on Defendant's Motion for Summary Judgment, the Court entered judgment in favor of Defendant and against Plaintiff. (Filing No. 92.) Plaintiff has requested that the Court reconsider its dismissal of Plaintiff's claims.

## STANDARD OF REVIEW

"A motion for reconsideration is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Peterson v. The Travelers Indem. Co.*, 867

2

F.3d 992, 997 (8th Cir. 2017) (quotation omitted). Here, Plaintiff asks that her Motion for Reconsideration be construed under Rule 59(e). (Filing No. 97.) The Court agrees that Rule 59(e), rather than Rule 60(b), applies because Plaintiff seeks reconsideration of a final judgment. *See Kohlbeck v. Wyndham Vacation Resorts, Inc.*, 7 F.4th 729, 734 (8th Cir. 2021) (noting that Rule 59(e) "has a 28-day time limit and is reserved for final judgments").

"Motions under Rule 59(e) 'serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence' and 'cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.'" *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018) (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)). "A 'manifest error' occurs when the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burrit v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (quotation omitted). *See also Abernathy v. White*, No. 4:19-CV-00009-NAB, 2020 WL 4596870, at *2 (E.D. Mo. Aug. 11, 2020). District courts have considerable discretion in deciding whether to grant or deny a motion to alter or amend a judgment pursuant to Rule 59(e). *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).

## DISCUSSION

As grounds for reconsideration, Plaintiff argues that Court committed manifest error by improperly applying the standard for summary judgment set out by Federal Rule of Civil Procedure 56 and controlling case law. As the Court stated in its Memorandum and Order on Defendant's Motion for Summary Judgment, on a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* Here, Plaintiff claims the Court did not give her the benefit of all reasonable inferences, did not view the evidence in the light most favorable to her, and improperly weighed and ignored evidence. Plaintiff's arguments in this regard are unfounded.

As her first assertion of manifest error, Plaintiff contends the Court erroneously concluded that "[o]*n several occasions throughout the fall of 2018 and into early 2019,*" Plaintiff reported to Dr. Deol and Director Frakes that Dawn-Renee Smith was making clinical decisions concerning inmates without proper licensure. (Filing No. 89.) Plaintiff maintains that the evidence establishes that Plaintiff reported Smith's alleged illegal conduct "well over a dozen times from 2018 through the very late Spring of 2019; not just a few times from 2018 through early 2019." (Filing No. 97 at CM/ECF p. 6.) Contrary to Plaintiff's belief, the Court did not ignore any instances of Plaintiff's reporting activities. Essentially, what Plaintiff's argument in this regard amounts to a complaint about the Court's use of the words "several" and "early" in its recitation of facts. However, the timeline of events is documented in the Memorandum and Order. The Court's word choice does not constitute manifest error.

Plaintiff's next three arguments focus on the Court's findings regarding pretext, and—more specifically—Plaintiff's argument in opposition to summary judgment that pretext could be shown through inconsistencies/shifting explanations about Defendant's decision to restructure and move Plaintiff to the BHAA position. A plaintiff may demonstrate pretext by "showing that an employer (1) failed to follow its own policies, (2) treated similarly-situated employees in a disparate manner, or (3) shifted its explanation of the employment decision." *Lake v. Yellow Transp., Inc.*, 596 F.3d 871, 874 (8th Cir. 2010). In opposition to summary judgment, Plaintiff pointed to alleged (1) contradictory testimony about the timeline of Defendant's decision to restructure; (2) contradictory evidence from Dr. Deol and Dr. Frakes about who ultimately made the decision to move Plaintiff to the BHAA position; and (3) shifting reasons for why Plaintiff was moved to the BHAA position—whether the decision was performance based or the result of heavy demands of the BHA position. The Court found that the evidence, viewed in its full context, was not inconsistent as Plaintiff argued. The Court stands by its conclusions in this regard. The Court did not ignore evidence, nor did it have to weigh evidence to see that Plaintiff's allegations of inconsistency through its narrative of events and characterization of facts were not supported by the record.

As to the timeline of events pertaining to restructure, Plaintiff asserts the Court improperly weighed the evidence and ignored facts by determining that Dr. Deol began to consider broad-scale restructure of the behavioral services department in 2017. Plaintiff claims the Court disregarded Dr. Deol's conflicting testimony that the restructure plans started in January or

4

February 2019 and disregarded Dr. Deol's statements that the restructuring was necessitated by Dr. Thomas' retirement in July 2019 and by a May 2019 report prepared by Dr. Dean Aufderheide. (Filing No. 74-3; Filing No. 63-8.) The Court did not ignore this evidence, nor did it weigh it. In its Memorandum and Order, the Court acknowledged that there was testimony indicating reorganization began in 2017 and 2019. (Filing No. 89.) The Court just explained that Dr. Deol's testimony was not necessarily inconsistent because his testimony was that reorganization started in the "broader sense" in 2017, then turned to the behavioral health side in 2019.

The Court likewise did not weigh or disregard facts when reviewing the consistency of evidence regarding who made the decision to move Plaintiff to another position. Plaintiff takes issue with the Court's finding that "As to who made the decision to reorganize and reassign Plaintiff—Dr. Deol or Director Frakes—it is completely consistent that they each were decisionmakers and part of the process." (Filing No. 89.) Plaintiff claims the identity of the individual who made this decision is highly probative, particularly as to temporal proximity of the adverse employment action, because Plaintiff reported to Director Frakes that Dr. Deol had discriminated against her just days before her demotion. Contrary to Plaintiff's assertion, the Court did not conclude that Dr. Deol and Dr. Frakes "jointly decided" to reassign Plaintiff. Rather, the Court determined that these individuals' personal beliefs as to who made that decision was not necessarily inconsistent, as Plaintiff alleged.

The Court also did not weigh evidence or disregard facts pertaining to the reasons why Plaintiff was reassigned. Plaintiff argues the Court improperly weighed and disregarded facts by concluding that "Defendant's assertion regarding why Plaintiff was moved to the BHAA position as part of the restructure has been consistent" and by also noting that "Plaintiff points to Dr. Deol's testimony indicating Plaintiff's reassignment was performance based, and Director Frakes' testimony stating reassignment was necessary based on the demands of the BHA position. This testimony is not contradictory—the differences are simply a matter of viewpoint." (Filing No. 89.) Again, the Court was addressing Plaintiff's allegations of inconsistency—not weighing evidence or making findings of fact.

As its next assignment of manifest error, Plaintiff contends that the Court determined that Plaintiff "struggled" to perform the duties of the BHA position and, in so finding, disregarded undisputed evidence that Plaintiff was satisfactorily performing her duties. Plaintiff also complains

the Court disregarded evidence that Defendant had previously used progressive discipline, yet did not do so in this case. To be clear, the Court did not conclude Plaintiff struggled at her position. Rather, it noted that some individuals "perceived" that Plaintiff was struggling. (Filing No. 89.) Also, the Court emphasized the regardless of the characterization of Plaintiff's work performance, a finding of pretext was not supported by the record. The Court concluded Plaintiff had not pointed to any evidence upon which a trier of fact could conclude that Plaintiff's reassignment was due to discrimination. Also, as to progressive discipline, the Court stated that there was "no evidence that Defendant was obligated by policy to use progressive discipline for Plaintiff or other discretionary employees." The Court did not disregard the progressive discipline issue, it just pointed out that there was no evidence that this was a necessary measure in Plaintiff's case.

Plaintiff next maintains the Court disregarded Dr. Lukin's testimony that he witnessed and believed that Dr. Deol discriminated against Plaintiff due to her race and national origin. Plaintiff apparently takes issue with the Court's conclusion that Dr. Lukin's testimony in that regard was speculatory. However, Dr. Lukin acknowledged this was the case. When Dr. Lukin was asked why he believes Plaintiff was discriminated against based on her race, he stated "I, I don't know that I have – I mean, I don't – I, I – all I have is my personal conjecture." (Filing No. 74-9.) The Court's conclusion that Dr. Lukin's testimony did not provide a basis for finding pretext was not manifest error. Hardenberger v. Nash Finch Co., No. 4:14-CV-3249, 2016 WL 7469708, at *2 (D. Neb. Aug. 15, 2016) ("Inferences based on guess or speculation do not create material issues of fact for purposes of a summary judgment.").

As the Court stated in its Memorandum and Order, "[a] reason cannot be proved to be a pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason." Bone v. G4S Youth Servs., LLC, 686 F.3d 948, 955 (8th Cir. 2012) (quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993)). The Court explained that, viewed in full context, the evidence was not inconsistent regarding why Plaintiff was reassigned. Defendant was steadfast in its position that behavioral health services needed to be restructured. Defendant was also consistent in its stance that Plaintiff's perceived inability to fully meet the demands of the BHA position—whether due to Plaintiff's alleged shortcomings, the demands of the position, *or* both—was just one factor in its decision to restructure and reassign Plaintiff. Moreover, there was no evidence that any similarly situated employee was treated better than Plaintiff. In short, a

6

rational juror could not conclude Plaintiff was reassigned for discriminatory or retaliatory reasons. See Torgerson, 643 F.3d at 1042 ("Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."); Barber v. C1 Truck Driver Training, LLC, 656 F.3d 782, 791-92 (8th Cir. 2011) ("The mere existence of a scintilla of evidence in support of the nonmovant's position will be insufficient; there must be evidence on which the jury could reasonably find for the nonmovant.").

Plaintiff also maintains the Court incorrectly assessed temporal proximity and causation by limiting the span of Plaintiff's alleged protected activities to early 2019—rather than extending it *throughout* 2019—and therefore not considering that she reported to Director Frakes that Dr. Deol had discriminated against her in May 2019, shortly before her position change. Again, the Court did not disregard this evidence. The Court's Memorandum and Order stated: "[I]n May 2019, Plaintiff reported to Director Frakes that she was being discriminated against by Dr. Deol and suffering from retaliatory treatment by Dr. Deol and Deputy Director Smith." (Filing No. 89.) The Court also indicated in the Memorandum and Order that part of Plaintiff's retaliation claim was based on her report of discrimination.

As to Plaintiff's constructive discharge claim, Plaintiff maintains the Court was incorrect in granting summary judgment because Defendant should have reasonably foreseen that Plaintiff would quit her job due to her position change. Plaintiff claims the Court ignored the following: (1) Plaintiff supervised four individuals, (2) Plaintiff supervised four departments within DOC, and (3) Plaintiff's office was in the DOC Central office with other administrators. Then, following her reassignment, Plaintiff did not have supervisory duties, her office was moved, her pay was cut by $5,000, and she did not have an assistant. The Court did not ignore this evidence. It just concluded that a reasonable person in Plaintiff's situation would not find the working conditions intolerable as is required for a constructive discharge claim. See Yang v. Robert Halk Int'l, Inc., 79 F.4th 949, 965 (8th Cir. 2023) ("Dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are not so intolerable as to compel a reasonable person to resign"); West v. Marion Merrell Dow, Inc., 54 F.3d 493, 498 (8th Cir.1995) ("[F]rustration and embarrassment at not being promoted do not make work conditions sufficiently intolerable to constitute constructive discharge").

7

Further, seemingly speaking to the constructive discharge claim, Plaintiff argues the Court improperly concluded that Plaintiff negotiated her reduced salary following the demotion. The Court stated in its Memorandum and Order that after Plaintiff complained about her reduction in pay, Director Frakes decided on a smaller reduction. Plaintiff maintains she had no negotiating power as to her salary decrease. However, the amount of power Plaintiff had with respect to the pay decrease is not what is relevant. Rather, the fact that Defendant was willing to change the initial amount of Plaintiff's pay cut is what shows Defendant's desire to maintain an employment relationship with Plaintiff. If Defendant wanted Plaintiff to quit, common sense dictates it would not have agreed to modify her reduction in pay.

After carefully considering and reviewing Plaintiff's motion, brief, and arguments, the Court is unconvinced that it committed a manifest error of law or fact when it granted summary judgment in Defendant's favor.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Filing No. 96) is denied.

Dated this 20th day of November, 2025.

BY THE COURT:

*Susan M. Bazis*
Susan M. Bazis
United States District Judge